IN THE UNITED STATES DISTRICT COURT
FOR THE STATE OF NEW MEXICO

**EPPIE MONTOYA,**

     **Plaintiff,**

**v.**                                                    Case No.

**DANNY PACHECO, in his individual
Capacity, and THE CITY OF ESPANOLA,**

     **Defendant.**

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441(b) and 1446(a) and (b), Defendants City of Espanola and Danny Pacheco by and through their undersigned counsel, Basham & Basham, P.C. (Mark A. Basham, appearing) give Notice of Removal to this Court of the civil action filed in the First Judicial District Court for the State of New Mexico, County of Rio Arriba, Cause No. D-117-CV-2014-00183, by Eppie Montoya, Plaintiff, and as grounds therefore state:

1.     On May 23, 2014 Plaintiff filed a Complaint for Violations of Civil Rights Violations and Tort Claim with the First Judicial District Court.  A copy of the Complaint is attached hereto as Exhibit A.

2.     Defendants were served with the Complaint on June 10, 2014.

3.     This Notice of Removal is timely as it was filed within thirty (30) days of proper service of the Complaint on June 10, 2014, on the last served Defendant.

4.     All served Defendants, by and through their undersigned counsel, consent to the removal of this action.

5.     Pursuant to 28 U.S.C. § 1446(d), copies of the Notice of Removal will be promptly given to all adverse parties and a copy of the Notice of Removal will be filed with the Clerk of the  First Judicial District Court, County of Rio Arriba, State of New Mexico.

6.     The claims stated against Defendants that are subject to the original jurisdiction of this Court pursuant to 28 U.S.C. 1331 and 1343(a)(3) and (4) are as follows:

a.     Count I of Plaintiff's Complaint, alleging Fourth Amendment Claim (Excessive Force).  Exhibit A, p. 5, ¶¶'s 26 - 29.

b.     Count II of Plaintiff's Complaint, alleging Fourth Amendment Claim (Unreasonable Seizure). Exhibit A, p. 5 ¶¶'s 30 - 33.

c.     Count III of Plaintiff's Complaint, alleging Fourth Amendment Claim (False Imprisonment).  Exhibit A, pp. 5 & 6, ¶¶'s 34 - 36.

d.     Count IV of Plaintiff's Complaint, alleging Fourth & Fourteenth Amendment Claims (Supervisory Liability).  Exhibit A, pp. 6  & 7, ¶¶'s 37 - 43.

7.     Federal questions thus appear on the face of Plaintiff's Complaint.  The Court also has supplemental jurisdiction over Plaintiff's state law claims in Counts V - VII pursuant to 28 U.S.C. § 1367, as these claims are so related to the federal question claims which this Court has original jurisdiction over that they form part of the same case or controversy under Article III of the U.S. Constitution.  See Exhibit A, Count V, p. 7, ¶¶'s 44 - 48 ; Count VI, pp. 7 & 8, ¶¶'s 49 - 52;  and Count VII, p. 8, ¶¶'s 53 - 57.

8.     Pursuant to Rule 81.1(a) of the Local Rules of the United States District Court for the District of New Mexico, Defendants will file a Notice of Filing of State Court Record and

certified copies of the pleadings filed in the First District Court for the State of New Mexico,

County of Rio Arriba, Cause No. D-117-CV-2014-00183, within thirty (30) days of filing this

Notice of Removal. A Civil Cover Sheet is attached as Exhibit B.

Submitted by,


BASHAM & BASHAM, P.C.


By:___*/s/ Mark A. Basham*_____
        Mark A. Basham
        *Attorneys for Defendants*
        2205 Miguel Chavez Road, #A
        Santa Fe, NM  87505-1111
        (505) 988-4575
        mbasham@bbpcnm.com


## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on the 20th day of June, 2014, I filed the foregoing electronically through the CM/ECF System, which caused the following parties or counsel to be served by electronic means:

Leon Howard
The Law Office of Lucero and Howard, LLC
P.O. Box 25391
Albuquerque, New Mexico 87125
leon@lawoffice-lh.com

Joachim Marjon
Marjon Law, P.C.
311 Montezuma Ave.
Santa Fe, New Mexico 87501
info@marjonlaw.com


        */s/    Mark A. Basham*_____
        Mark A. Basham

DISTRICT COURT CLER
5/23/2014 3:27:12 PI
STEPHEN T. PACHE(
Jorge Mont

FIRST JUDICIAL DISTRICT COURT
COUNTY OF RIO ARRIBA
STATE OF NEW MEXICO

EPPIE MONTOYA,

      **Plaintiff,**

**vs.**                         Case No. D-117-CV-2014-00183
                                       _____

DANNY PACHECO,
In his individual capacity,
and **THE CITY OF ESPANOLA,**

      **Defendants.**

## COMPLAINT FOR CIVIL RIGHTS VIOLATIONS AND TORT CLAIMS

      Plaintiff Eppie Montoya, by counsel listed below, brings this Complaint under New

Mexico Common law, Article II Section 10 of the New Mexico Constitution, the Fourth

Amendment of the Constitution of the United States, 42 U.S.C. §§ 1983 and 1988, and the New

Mexico Tort Claims Act for damages resulting from injuries inflicted upon him by a City of

Espanola police officer.  Plaintiff alleges as follows:

### JURISDICTION AND VENUE

1.   Jurisdiction and venue are proper pursuant to the New Mexico Tort Claims Act,

     NMSA, §§ 41-4-1-27, common law, NMSA, § 38-3-1(A) (1988) and Article VI,

     Section 13 of the New Mexico Constitution.  All of the parties reside or do business

     in New Mexico, and the acts complained of occurred exclusively within Rio Arriba

     County, New Mexico.

1



EXHIBIT
A

PARTIES

2. Plaintiff Eppie Montoya (Plaintiff Montoya) is a resident of Rio Arriba County, New Mexico.

3. Defendant Danny Pacheco (Defendant Pacheco) is an individual that was employed by the City of Espanola as a police officer at all times material to the facts alleged herein. Also, at all times material, Defendant Pacheco was acting under the course and scope of his employment under color of state law.

4. Defendant City of Espanola ("City") is a person within the meaning of 42 U.S.C. § 1983. At all times material hereto, the City was responsible for the operation of the Esponala Police Department ("EPD") and for claims against it.

FACTS

5. On March 19, 2013, Plaintiff Montoya while holding his young puppy in arm visited the Allsups Convenient Store (Allsups) located at 444 Riverside Drive, Espanola, New Mexico.

6. The purpose of his visit of his visit to the Allsups was to purchase sports drinks for himself and his pregnant girlfriend.

7. While inside the Allsups, Plaintiff Montoya, with his puppy in one arm retrieved two sports drinks from a cooler and proceeded to the checkout kiosk to pay for his items.

8. While attempting to pay for his items, the cashier refused service based on the facts that Mr. Montoya was wearing a "hoodie" and was holding a puppy.

9. Plaintiff Montoya proceeded to inquire as to whether the refusal of service was an official policy of Allsups while explaining that it was merely his wish to complete the purchase of the sports drinks for his pregnant girlfriend who was sick at the time.

2

10. The cashier began to ring up the sports drinks, and Plaintiff Montoya attempted to pay for the items with an EBT card.

11. Simultaneously, Defendant Pacheco entered the Allsups, and confronted Plaintiff Montoya in an aggressive manner.

12. Without any reason to believe Plaintiff Montoya had committed or was in the commission of a crime, Defendant Pacheco got in Plaintiff Montoya's face and grabbed Plaintiff Montoya's hand.

13. Defendant Pacheco attempted to force Plaintiff Montoya to exit Allsups and demanded Plaintiff Montoya's driver's license.

14. Defendant Pacheco insulted Plaintiff Montoya by making a presumption that Plaintiff Montoya did not have a job and made fun of the fact that Plaintiff Montoya was attempting to purchase his items with an EBT card.

15. Plaintiff Montoya feeling threatened asked if he could speak to another officer.

16. Because Plaintiff Montoya was frightened, when Defendant Pacheco refused Plaintiff Montoya's request to speak to another officer and continued his aggressive behavior, Plaintiff Montoya exited the Allsups and placed a phone call to 911 in attempt to secure assistance for his safety.

17. While on the phone with 911, Plaintiff Montoya expressed his fear of physical harm due to Defendant Pacheco's overly aggressive behavior. During that call with the 911 operator, Defendant Pacheco followed behind Plaintiff Montoya took aim with his service issued taser at Plaintiff Montoya's back, discharged the weapon, and struck Plaintiff Montoya in the back. Plaintiff Montoya was still holding his puppy and the

force of being tased in the back caused him to seize and violently fall to the pavement.

18. At this point, Plaintiff Montoya could no longer be heard on the 911 call recording.

19. Upon information and belief, Defendant Pacheco deployed multiple five second taser cycles upon Mr. Montoya despite the facts that Mr. Montoya was already incapacitated and had a puppy on his person.

20. While on the pavement Defendant Pacheco handcuffed Plaintiff Montoya, verbally emasculated him, and suggested that his treatment of Plaintiff Montoya was a "good thing" for Plaintiff Montoya.

21. Defendant Pacheco arrested Plaintiff Montoya for disorderly conduct and initiated a prosecution against him.

22. On or about February 3, 2014, the Espanola City Attorney dismissed the case against Plaintiff Montoya.

23. At no time during the above-described events did Plaintiff Montoya pose a threat to Defendant Pacheco or any other person.

24. As a direct and proximate result of the Defendant Pacheco's conduct set out above, Plaintiff Montoya has suffered serious physical and psychological injuries, mental distress, fear, anxiety, emotional suffering, and medical expenses, past and future. Plaintiff Montoya is entitled to compensatory damages for the above-described injuries.

25. Defendant Pacheco acted in bad faith, willfully, knowingly and purposefully with the specific intent to deprive plaintiff of his constitutional rights and further acted

recklessly, wantonly, and oppressively. As a result of the nature of Defendant Officers' conduct, Plaintiff is entitled to punitive damages.

## FEDERAL CONSTITUTIONAL CLAIMS

### COUNT I – FOURTH AMENDMENT CLAIM (EXCESSIVE FORCE)

26. Plaintiff incorporates the preceding paragraphs as if stated herein.

27. Plaintiff has and had a Fourth Amendment right to be free from excessive force.

28. The amount of force used to effectuate the seizure of Plaintiff was unreasonable and excessive under law.

29. Defendant Pacheco violated Plaintiff's Fourth Amendment right not to be subjected to excessive force.

### COUNT II – FOURTH AMENDMENT CLAIM (UNRESONABLE SEIZURE)

30. Plaintiff incorporates the preceding paragraphs as if stated herein.

31. Plaintiff has and had a Fourth Amendment right to be free from unreasonable seizures of his person.

32. Defendant Pacheco deprived Plaintiff of his Fourth Amendment right to be free from unreasonable seizures when, with no reasonable belief that Plaintiff had committed a crime, he brutalized and arrested Plaintiff.

33. The seizure was wrongful, unreasonable, and deprived Plaintiff of his Fourth Amendment right to be free of unreasonable seizures.

### COUNT III- FOURTH AMENDMENT CLAIM (FALSE IMPRISONMENT)

34. Plaintiff incorporates the preceding paragraphs as if stated herein.

35. Plaintiff has and had a Fourth Amendment right to be free of unjustified imprisonment.

36. Defendant Pacheco detained and arrested Plaintiff without reasonable suspicion or probable cause to believe that he was engaging in criminal activity or that he was armed and dangerous and deprived Plaintiff of his Fourth Amendment right to be free of false imprisonment.

## COUNT IV – FOURTH & FOURTEENTH AMENDMENT CLAIMS
### (SUPERVISORY LIABILITY)

37. Plaintiff incorporates the preceding paragraphs as if stated herein.

38. The City of Espanola is responsible for the operations, customs, policies, and practices of EPD.

39. At all times relevant to this Complaint, the Fourth Amendment prevented the City of Espanola and its employees from using excessive force, unreasonable seizures, and false imprisonment.

40. The City of Espanola's failure to adequately hire, train and supervise its employees to institute and enforce adequate procedures and regulations against such conduct such as that complained of herein, constitutes violations of Plaintiff's Fourth Amendment and Fourteenth Amendment rights.

41. The City of Espanola owed Plaintiff an affirmative duty to keep Plaintiff free from the violations of the Fourth Amendment described herein,

42. The City of Espanola's failures to act was so culpable as to constitute acquiescence in the unlawful conduct of Defendant Pacheco, in violation of the Fourth Amendment and Fourteenth Amendments.

43. Defendant Pacheco's wrongful acts and failures to act proximately caused Plaintiff damages. These damages include physical injury, physical pain and suffering, invasion of bodily integrity, and severe psychological and emotional distress

## NEW MEXICO TORT CLAIMS AGAINST THE DEFENDANTS

### COUNT V – BATTERY

44. Plaintiff incorporates the preceding paragraphs as if stated herein.

45. Defendant Pacheco battered Plaintiff by grabbing, tasering, and brutalizing Plaintiff with excessive force.

46. Defendant Pacheco's actions constituted a criminal act under the laws of the State of New Mexico.

47. This use of force was excessive and unnecessary as the Defendant Pacheco had no reasonable belief that Plaintiff had committed a crime or was armed or dangerous.

48. Defendant Officer Pacheco's actions constituted assault and battery for which immunity has been waived by NMSA 1978, § 41-4-12 (1997) and for which the City is liable under the doctrine of *respondeat superior*.

### COUNT VI – FALSE IMPRISONMENT

49. Plaintiff incorporates the preceding paragraphs as if stated herein

50. Defendant Pacheco discharged his taser, brutalized, and handcuffed Plaintiff Montoya.

51. This detention was not justified or privileged under state law and constituted false imprisonment for which immunity has been waived by NMSA 1978, § 41-4-12 (1997).

7

52. Defendant Officer Pacheco's actions constituted false imprisonment for which immunity has been waived by NMSA 1978, § 41-4-12 (1997) and for which the City is liable under the doctrine of *respondeat superior*.

## NEW MEXICO CONSTITUTIONAL CLAIMS

53. The State Constitution's protections against warrantless searches and seizures have been interpreted more expansively than those of the Fourth Amendment. *State v. Gomez*, 122 N.M. 777, 784 932 P.2d 1, 9 (1997).

## COUNT VII - N.M. CONST. ART. II, § 10 (EXCESSIVE FORCE)

54. Plaintiff incorporates the preceding paragraphs as if stated herein.

55. Plaintiff has and had a right under N.M. Const. art II, § 10 to be free from excessive force.

56. The amount of force used to effectuate the seizure of Plaintiff was unreasonable and excessive under law.

57. Defendant Officer Pacheco violated Plaintiff's right under the New Mexico Constitution not to be subjected to excessive force.

## RELIEF REQUESTED

WHEREFORE, Plaintiffs pray for a judgment against the defendants as follows:

1. Awarding damages, jointly and severally against all defendants, in an amount that the jury determines sufficient to compensate Plaintiffs for the constitutional deprivations inflicted by Defendant Pacheco and the corresponding damages that flow from those violations:

2. Awarding damages against the defendants in an amount that the jury determines sufficient to compensate Plaintiffs for Defendant's tortious conduct;

3.    Awarding punitive damages against the defendants in an amount the jury
determines is sufficient to deter the Defendant Pacheco and other law
enforcement officers from acting in a reckless and callous disregard of, or
indifference to, the rights and safety of Plaintiffs and others;

4.    Awarding reasonable costs and attorneys' fees incurred in bringing this action
pursuant to 42 U.S.C. § 1988, to be paid by the Defendant Pacheco and the City;
and

5.    Granting such other relief as the court deems just and proper.


Dated:    May 23, 2014   .


                              Respectfully Submitted:


                               /s/ Leon Howard 5/23/14_____
                              Leon Howard
                              The Law Office of Lucero and Howard, LLC
                              PO Box 25391
                              Albuquerque, New Mexico 87125
                              Phone: (505) 225-8778
                              Fax:    (505) 288-347

                              Joachim Marjon
                              Marjon Law, P.C.
                              311 Montezuma Ave
                              Santa Fe, NM 87501
                              Phone: (505) 954-1219
                              Fax:    (505) 984-1110

                              *Attorneys for Plaintiff*

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Eppie Montoya, Plaintiff | Danny Pacheco, in his individual capacity and the City of Espanola, Defendants |

**(b)** County of Residence of First Listed Plaintiff   **Rio Arriba**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   **Rio Arriba**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Leon Howard, Law Office of Lucero & Howard, LLC
P.O. Box 25391, Albuquerque, NM 87125 (505) 225-8778 and
Joachim Marjon 311 Montezuma Ave, Santa Fe, NM 87501 (505) 954-12

Attorneys *(If Known)*
Mark A. Basham, Basham & Basham PC
2205 Miguel Chavez Road, Suite A
Santa Fe, New Mexico 87505 (505) 988-4575

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ❑ 1 U.S. Government Plaintiff
- ❑ 2 U.S. Government Defendant
- ❑ 3 Federal Question *(U.S. Government Not a Party)*
- ❑ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❑ 1 | ❑ 1 | Incorporated *or* Principal Place of Business In This State | ❑ 4 | ❑ 4 |
| Citizen of Another State | ❑ 2 | ❑ 2 | Incorporated *and* Principal Place of Business In Another State | ❑ 5 | ❑ 5 |
| Citizen or Subject of a Foreign Country | ❑ 3 | ❑ 3 | Foreign Nation | ❑ 6 | ❑ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ❑ 110 Insurance | **PERSONAL INJURY**    **PERSONAL INJURY** | ❑ 625 Drug Related Seizure of Property 21 USC 881 | ❑ 422 Appeal 28 USC 158 | ❑ 375 False Claims Act |
| ❑ 120 Marine | ❑ 310 Airplane    ❑ 365 Personal Injury - | ❑ 690 Other | ❑ 423 Withdrawal 28 USC 157 | ❑ 400 State Reapportionment |
| ❑ 130 Miller Act | ❑ 315 Airplane Product      Product Liability | | | ❑ 410 Antitrust |
| ❑ 140 Negotiable Instrument |      Liability    ❑ 367 Health Care/ | | **PROPERTY RIGHTS** | ❑ 430 Banks and Banking |
| ❑ 150 Recovery of Overpayment & Enforcement of Judgment | ❑ 320 Assault, Libel &      Pharmaceutical      Slander      Personal Injury | | ❑ 820 Copyrights | ❑ 450 Commerce |
| ❑ 151 Medicare Act | ❑ 330 Federal Employers'      Product Liability | | ❑ 830 Patent | ❑ 460 Deportation |
| ❑ 152 Recovery of Defaulted Student Loans (Excludes Veterans) |      Liability    ❑ 368 Asbestos Personal ❑ 340 Marine      Injury Product | | ❑ 840 Trademark | ❑ 470 Racketeer Influenced and Corrupt Organizations |
| ❑ 153 Recovery of Overpayment of Veteran's Benefits | ❑ 345 Marine Product      Liability      Liability | **LABOR** | **SOCIAL SECURITY** | ❑ 480 Consumer Credit |
| ❑ 160 Stockholders' Suits | ❑ 350 Motor Vehicle    **PERSONAL PROPERTY** | ❑ 710 Fair Labor Standards Act | ❑ 861 HIA (1395ff) | ❑ 490 Cable/Sat TV |
| ❑ 190 Other Contract | ❑ 355 Motor Vehicle    ❑ 370 Other Fraud | ❑ 720 Labor/Management | ❑ 862 Black Lung (923) | ❑ 850 Securities/Commodities/ |
| ❑ 195 Contract Product Liability |      Product Liability    ❑ 371 Truth in Lending |      Relations | ❑ 863 DIWC/DIWW (405(g)) |      Exchange |
| ❑ 196 Franchise | ❑ 360 Other Personal    ❑ 380 Other Personal      Injury      Property Damage | ❑ 740 Railway Labor Act | ❑ 864 SSID Title XVI | ❑ 890 Other Statutory Actions |
| | ❑ 362 Personal Injury -    ❑ 385 Property Damage      Medical Malpractice      Product Liability | ❑ 751 Family and Medical Leave Act | ❑ 865 RSI (405(g)) | ❑ 891 Agricultural Acts ❑ 893 Environmental Matters ❑ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS**    **PRISONER PETITIONS** | ❑ 790 Other Labor Litigation ❑ 791 Employee Retirement | **FEDERAL TAX SUITS** | ❑ 896 Arbitration |
| ❑ 210 Land Condemnation | ☒ 440 Other Civil Rights    **Habeas Corpus:** |      Income Security Act | ❑ 870 Taxes (U.S. Plaintiff or Defendant) | ❑ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ❑ 220 Foreclosure | ❑ 441 Voting    ❑ 463 Alien Detainee | | ❑ 871 IRS—Third Party 26 USC 7609 | |
| ❑ 230 Rent Lease & Ejectment | ❑ 442 Employment    ❑ 510 Motions to Vacate      Sentence | | | ❑ 950 Constitutionality of State Statutes |
| ❑ 240 Torts to Land | ❑ 443 Housing/    ❑ 530 General      Accommodations | | | |
| ❑ 245 Tort Product Liability | ❑ 445 Amer. w/Disabilities -    ❑ 535 Death Penalty      Employment    **Other:** | **IMMIGRATION** | | |
| ❑ 290 All Other Real Property | ❑ 446 Amer. w/Disabilities -    ❑ 540 Mandamus & Other      Other    ❑ 550 Civil Rights | ❑ 462 Naturalization Application ❑ 465 Other Immigration Actions | | |
| | ❑ 448 Education    ❑ 555 Prison Condition ❑ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ❑ 1 Original Proceeding
- ❑ 2 Removed from State Court
- ❑ 3 Remanded from Appellate Court
- ❑ 4 Reinstated or Reopened
- ❑ 5 Transferred from Another District *(specify)*
- ❑ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Removal under 28 U.S.C. Section 1441(b) and 1446(a)

Brief description of cause:
Violations of Civil and Constitutional Rights under USC and 42 USC Section 1983 and NM Tort Claims

## VII. REQUESTED IN COMPLAINT:

❑ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ❑ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE                DOCKET NUMBER

DATE
06/20/2014

SIGNATURE OF ATTORNEY OF RECORD
Mark A. Basham, signed electronically

**FOR OFFICE USE ONLY**

RECEIPT #      AMOUNT      APPLYING IFP      JUDGE      MAG.

**EXHIBIT**

B