## IN THE UNITED STATES DISTRICT COURT
## FOR THE STATE OF NEW MEXICO


EPPIE MONTOYA,

     **Plaintiff,**

**v.**                           **Case No.  14-CV-00568 LAM-RHS**
                                 **First D.C. Case# D-117-CV-00183**

DANNY PACHECO, in his individual
capacity, and THE CITY OF ESPANOLA,

     **Defendants.**


## ANSWER TO COMPLAINT FOR CIVIL RIGHTS VIOLATIONS AND TORT CLAIMS

     COME NOW the Defendants by and through their counsel of record Basham & Basham, P.C. (Mark A. Basham) and answer Plaintiff's Complaint for Civil Rights Violations and Tort Claims (hereinafter "Complaint") as follows:

1.  Defendants are without sufficient information as to the allegations contained in Paragraph 1 of the Complaint and, therefore, deny them.

2.  Defendants deny the allegations contained in Paragraph 2 of the Complaint.

3.  Defendants admit the allegations contained in Paragraphs 3 & 4 of the Complaint.

4.  Defendants admit the allegations contained in Paragraph 5 of the Complaint with the clarification that it was a dog.

5.  Defendants are without sufficient information as to the allegations contained in Paragraphs  6 & 7 of the Complaint and, therefore, deny them.

6.  Defendants admit the allegations contained in Paragraph 8 of the Complaint with the clarification that it was a dog.

7.  Defendants deny the allegations contained in Paragraphs 9 - 12 of the Complaint.

8. Defendants admit the allegations contained in Paragraph 13 of the Complaint.

9. Defendants deny the allegations contained in Paragraph 14 of the Complaint.

10. Defendants admit the allegations contained in Paragraph 15 of the Complaint with the exception that Plaintiff was feeling threatened is denied.

11. Defendants deny the allegations contained in Paragraphs 16 & 17 of the Complaint with the exception that the Plaintiff placed a 911 call which is admitted.

12. Defendants are without sufficient information as to the allegations contained in Paragraph 18 of the Complaint and, therefore, deny them.

13. Defendants deny the allegations contained in Paragraphs 19 & 20 of the Complaint.

14. Defendants admit the allegations contained in Paragraphs 21 & 22 of the Complaint.

15. Defendants deny the allegations contained in Paragraphs 23 – 25 of the Complaint.

16. With respect to Paragraph 26, Defendants incorporate their answers to the preceding paragraphs as if stated herein.

17. With respect to Paragraph 27, Defendants state that it is a legal conclusion requiring no response.

18. Defendants deny the allegations contained in Paragraphs 28 & 29 of the Complaint.

19. With respect to Paragraph 30 of the Complaint, Defendants incorporate their answers to the preceding paragraphs as if stated herein.

20. With respect to Paragraph 31of the Complaint, Defendants state that is a legal conclusion requiring no response.

21. Defendants deny the allegations contained in Paragraphs 32 & 33 of the Complaint.

22. With respect to Paragraph 34 of the Complaint, Defendants incorporate their answers to the preceding paragraphs as if stated herein.

23.  With respect to Paragraph 35, Defendants state that is a legal conclusion requiring no response of the Complaint.

24.  Defendants deny the allegations contained in Paragraph 36 of the Complaint.

25.  With respect to Paragraph 37 of the Complaint, Defendants incorporate their answers to the preceding paragraphs as if stated herein.

26.  Defendants admit the allegations contained in Paragraph 38 of the Complaint.

27.  With respect to Paragraph 39 of the Complaint, Defendants state that it is a legal conclusion requiring no response.

28.  Defendants deny the allegations contained in Paragraph 40 of the Complaint.

29.  With respect to Paragraph 41 of the Complaint, Defendants state that it is a legal conclusion requiring no response.

30.  Defendants deny the allegations contained in Paragraphs 42 & 43 of the Complaint.

31.  With respect to Paragraph 44 of the Complaint, Defendants incorporate their answers to the preceding paragraphs as if stated herein.

32.  Defendants deny the allegations contained in Paragraphs 45 – 48 of the Complaint.

33.  With respect to Paragraph 49 of the Complaint, Defendants incorporate their answers to the preceding paragraphs as if stated herein.

34.  Defendants admit the allegations contained in Paragraph 50 of the Complaint but specifically deny that Plaintiff was brutalized.

35.  Defendants deny the allegations contained in Paragraphs 51 & 52 of the Complaint.

36.  With respect to Paragraph 53 of the Complaint, Defendants state that it is a legal conclusion requiring no response.

37.  With respect to Paragraph 54 of the Complaint, Defendants incorporate their answers to the preceding paragraphs as if stated herein.

38.  With respect to Paragraph 55 of the Complaint, Defendants state that it is a legal conclusion requiring no response.

39.  Defendants deny the allegations contained in Paragraphs 56 & 57 of the Complaint as well as Plaintiffs Relief Requested 1- 5.

40.  Any allegation not specifically admitted is hereby denied.

## AFFIRMATIVE DEFENSES

1.     The Complaint fails to state a claim upon which relief can be granted.

2.     Defendants breached no duty owed to Plaintiff.

3.     Defendants activities were lawful, in good faith and in the exercise of governmental functions.

4.     At all times relevant hereto, the Defendants actions were reasonable, proper and constitutional.

5.     If Plaintiff suffered any injury and damages, such were unavoidable and not caused by Defendants.

6.     Any detriment or damages allegedly suffered by the Plaintiff was due to and caused by Plaintiff's own acts and conduct.

7.     If Plaintiff suffered any detriment, such was not caused by the Defendants.

8.     Plaintiff failed to take reasonable action to avoid, mitigate or prevent the alleged injury or damage.

9.      The Defendant law enforcement officer was, at all times relevant hereto, duly qualified, appointed and acting law enforcement officer and at all times relevant hereto was engaged in the performance of his regularly scheduled duties as a law enforcement officer.

10.      The Defendant law enforcement officer is not liable for his acts or omissions while exercising due care in the execution or enforcement of the law.

11.      Plaintiff failed to comply with the provisions of the New Mexico Tort Claims Act, which bars recovery.

12.      Defendant law enforcement is entitled to qualified immunity

13.      The Defendant law enforcement officer is not liable for any injury resulting from his acts or omissions where the acts or omissions were the result of the exercise of discretion vested in him as law enforcement officer.

14.      The actions of the Defendant law enforcement officer was lawful and proper.

15.      The force, if any, used on Plaintiff was reasonable and necessary under the circumstances.

16.      Plaintiff has failed to allege, nor can she prove, participation in ratification of or acquiescence by the governmental City Defendant Espanola in the actions of the Defendant law enforcement officer.  As such, Plaintiff has failed to state a claim for relief pursuant to 42 U.S.C. §1983.

17.      The doctrine of respondeat superior is not an adequate basis for liability of the governmental entity City Defendant Espanola under 42 U.S.C. §1983.

18.      Plaintiffs have failed to allege, and cannot prove, an "affirmative link" between the alleged incidents of misconduct by the Defendant law enforcement officer and an express or

implied directive or operating procedure of the City of Espanola or City of Espanola Police Department.

19.     Pursuant to N.M.S.A. §41-4-19(D) of the New Mexico Tort Claims Act, these Defendants are not liable for exemplary or punitive damages.

20.     Defendants reserve the right to add additional affirmative defenses as discovery takes place.

     **WHEREFORE**, Defendants respectfully request that the Court dismiss Plaintiff's claims with prejudice, award them their costs and attorneys' fees in the defense of this matter, and for such other and further relief that the Court deems is appropriate.

<div style="margin-left:40%">

Respectfully submitted by:

Basham & Basham, P.C.

*Electronically filed 06/27/14*
*/s/ Mark A. Basham* _____
Mark A. Basham
2205 Miguel Chavez, Suite A
Santa Fe, New Mexico 87505
505-988-4575
Fax: 505-992-6170
mbasham@bbpcnm.com
Attorneys for Defendants

</div>

<u>**CERTIFICATE OF SERVICE**</u>

       I HEREBY CERTIFY that on the 27th day of June, 2014, I filed the foregoing Answer electronically through the CM/ECF Filing System, which caused the following parties or counsel to be served by electronic means:

Leon Howard
The Law Office of Lucero and Howard, LLC
P.O. Box 25391
Albuquerque, New Mexico 87125
leon@lawoffice-lh.com

Joachim Marjon
Marjon Law, P.C.
311 Montezuma Ave.
Santa Fe, New Mexico 87501
info@marjonlaw.com

*Attorneys for Plaintiffs*

                                 */s/ Mark A. Basham*
                                 Mark A. Basham