# IN THE UNITED STATES DISTRICT COURT
# FOR THE STATE OF NEW MEXICO

EPPIE MONTOYA,

    Plaintiff,

vs.                                        Case No. 14-CV-00568 JB/RHS

DANNY PACHECO,
In his individual capacity,
and THE CITY OF ESPANOLA,
    Defendants.

## JOINT STATUS REPORT AND PROVISIONAL DISCOVERY PLAN

Pursuant to FED. R. CIV. P. 26(f), a meeting was held via telephone and through electronic communications from October 3, 2014 to October 21, 2014 and was attended by:

Leon Howard for Plaintiff Eppie Montoya and Mark A. Basham for Defendants.

## NATURE OF THE CASE

Plaintiffs bring this action under the Fourth Amendment to the United States Constitution, 42 U.S.C Section 1983, and New Mexico common law. Plaintiff alleges that on March 19, 2013, Defendant Danny Pacheco, a police officer with the City of Espanola Police Department, encountered Plaintiff and without the requisite reasonable suspicion or probable cause to detain Plaintiff, used unreasonable and excessive force when he arrested Plaintiff. Plaintiff's claims include that Defendant Pacheco subjected Plaintiff to a seizure without an adequate investigation, the seizure was conducted in an unreasonable manner, Defendant Pacheco used excessive force, and falsely imprisoned Plaintiff. As a result, Plaintiff suffered injuries. Plaintiff further contends that at the time of his injuries, Defendant City of Espanola failed to properly train it employees and condoned behavior of the type exhibited by Defendant Pacheco that led to

Plaintiffs' injuries. Plaintiff contends that at all times Defendant acted under color of law, in the course and scope of his duties and in an objectively unreasonable manner.

Defendants deny liability and damages.

## **AMENDMENTS TO PLEADINGS AND JOINDER OF PARTIES**

Plaintiff intends to file one or more amended pleadings as warranted by additional facts as to any defendant or party who should be joined.

Plaintiff should be allowed until December 15, 2014, to move to amend the pleadings and until December 15, 2014 to join additional parties in compliance with the requirements of Fed. R. Civ. P. 15(a).

Defendants intend to file: No amendments are anticipated at this time.

Defendants should be allowed until January 15, 2014 to move to amend the pleadings and to join additional parties in compliance with the requirements of Fed. R. Civ. P. 15(a).

## **STIPULATIONS**

The parties hereto stipulate and agree that venue is properly laid in this District; and that the United States District Court for the District of New Mexico has jurisdiction of the parties and the subject matter.

The parties are willing to further stipulate to any facts alleged in Plaintiff's Complaint or any amendment thereto which Defendants have admitted in their answers or amendments thereto.

The parties further stipulate and agree that the law governing this case is: the United States Constitution, 42 U.S.C. § 1983, NMSA § 41-4-1 *et seq*., and the New Mexico common law.

## PLAINTIFF'S CONTENTIONS:

On March 19, 2013, Plaintiff Montoya, while holding his young puppy in arm, visited the Allsups Convenient Store (Allsups) located at 444 Riverside Drive, Espanola, New Mexico. The purpose of his visit of his visit to the Allsups was to purchase sports drinks for himself and his pregnant girlfriend. While inside the Allsups, Plaintiff Montoya, with his puppy in one arm retrieved two sports drinks from a cooler and proceeded to the checkout kiosk to pay for his items. While attempting to pay for his items, the cashier refused service based on the facts that Mr. Montoya was wearing a "hoodie" and was holding a puppy. Plaintiff Montoya proceeded to inquire as to whether the refusal of service was an official policy of Allsups while explaining that it was merely his wish to complete the purchase of the sports drinks for his pregnant girlfriend who was sick at the time. The cashier began to ring up the sports drinks, and Plaintiff Montoya attempted to pay for the items with an EBT card.

Simultaneously, Defendant Pacheco entered the Allsups, and confronted Plaintiff Montoya in an aggressive manner. Without any reason to believe Plaintiff Montoya had committed or was in the commission of a crime, Defendant Pacheco got in Plaintiff Montoya's face and grabbed Plaintiff Montoya's hand. Defendant Pacheco attempted to force Plaintiff Montoya to exit Allsups and demanded Plaintiff Montoya's driver's license. Defendant Pacheco insulted Plaintiff Montoya by making a presumption that Plaintiff Montoya did not have a job and made fun of the fact that Plaintiff Montoya was attempting to purchase his items with an EBT card.

Plaintiff Montoya, feeling threatened, asked if he could speak to another officer. Because Plaintiff Montoya was frightened, when Defendant Pacheco refused Plaintiff Montoya's request to speak to another officer and continued his aggressive behavior, Plaintiff Montoya exited the

Allsups and placed a phone call to 911 in attempt to secure assistance for his safety. While on the phone with 911, Plaintiff Montoya expressed his fear of physical harm due to Defendant Pacheco's overly aggressive behavior. During that call with the 911 operator, Defendant Pacheco followed behind Plaintiff Montoya took aim with his service issued taser at Plaintiff Montoya's back, discharged the weapon, and struck Plaintiff Montoya in the back. Plaintiff Montoya was still holding his puppy and the force of being tased in the back caused him to seize and violently fall to the pavement.

At this point, Plaintiff Montoya could no longer be heard on the 911 call recording. Upon information and belief, Defendant Pacheco deployed multiple five second taser cycles upon Mr. Montoya despite the facts that Mr. Montoya was already incapacitated and had a puppy on his person. While on the pavement Defendant Pacheco handcuffed Plaintiff Montoya, verbally emasculated him, and suggested that his treatment of Plaintiff Montoya was a "good thing" for Plaintiff Montoya. Defendant Pacheco arrested Plaintiff Montoya for disorderly conduct and initiated a prosecution against him. On or about February 3, 2014, the Espanola City Attorney dismissed the case against Plaintiff Montoya.

At no time during the above-described events did Plaintiff Montoya pose a threat to Defendant Pacheco or any other person.

**DEFENDANTS CONTENTIONS**

On March 13, 2013 at approximately 2:25 p.m., Officer Danny Pacheco was helping New Mexico State Police officers with a traffic stop at or near the Allsup's Convenience Store in Espanola. While doing so, the Allsup's store clerk, David Manzanares, called Officer Pacheco and requested that he come into the Allsup's store as there was a man inside wearing a hoodie and he had a dog. David told Officer Pacheco that the man had refused to comply with

employee requests that he remove his hoodie (as Allsup's has a policy regarding hoodies) and to take his dog outside (pursuant to state law as Allsup's has a "hot box" – that is it serves hot food). Officer Pacheco agreed to go inside and ask the man to leave the store. The man was later identified as Plaintiff Eppie Montoya.

Plaintiff Montoya was in front of the cash register when Officer Pacheco entered the Allsup's,. The clerk and other Allsup's employees were telling Plaintiff to leave the store. Plaintiff Montoya, in a loud voice, talked back to the employees, insisting he wanted to buy some drinks.

Officer Pacheco asked Plaintiff to calm down. He explained that under the existing circumstances the store had a right not to sell him anything. He asked Plaintiff why he came into the store with a dog and why he wouldn't take off his hoodie. Plaintiff began yelling at Officer Pacheco. Again, Officer Pacheco asked Plaintiff to calm down and to step outside. Plaintiff refused, asking to talk to Officer Pacheco's boss. Officer Pacheco then asked to see Plaintiff's driver license, but Plaintiff claimed he didn't have one. He refused to give his name to Officer Pacheco. Again, Officer Pacheco asked Plaintiff to step outside so they could talk. Plaintiff did not comply, so Officer Pacheco reached for Plaintiff's arm to escort him outside. Plaintiff reacted by becoming even angrier. Officer Pacheco managed to get Plaintiff outside.

Outside, Plaintiff continued to refuse to give his name to Officer Pacheco. Plaintiff also kept moving around. Officer Pacheco asked him to stop moving and to stay where he was told to stay. Plaintiff then grabbed his phone, called 911 and began pulling away from Officer Pacheco. Officer Pacheco warned him to stop or, for both their safety, he would handcuff Plaintiff. Plaintiff began walking away. Officer Pacheco ordered him to stop and come back. Plaintiff ignored Officer Pacheco, who then warned Plaintiff that if he didn't come back he would be

arrested for disorderly conduct. Plaintiff began running. Officer Pacheco loudly warned Plaintiff to stop or he would Taser him. Plaintiff kept running. Three times Officer Pacheco yelled for Plaintiff to stop or he would Taser him. Plaintiff kept running and Officer Pacheco Tasered him.

Once Plaintiff was on the ground, Officer Pacheco asked him to place his hands to his back. Plaintiff refused. A State Police Officer, Eric Moya, quickly ran over to help. After a scuffle, the State Police Officer handcuffed Plaintiff. Even so, Plaintiff continued to be resistant. Finally, Officer Pacheco got Plaintiff's name and advised dispatch of the arrest. Officer Pacheco filed a criminal complaint against Plaintiff, charging him with disorderly conduct. While Officer Pacheco was out on sick leave as a result of an operation, the contract attorney for the City of Espanola dismissed the case.

## **PROVISIONAL DISCOVERY PLAN**

The parties jointly propose to the Court the following discovery plan: *(Use separate paragraphs or subparagraphs as necessary if parties disagree.)*

> List all witnesses who, at this time, you think will either testify or be deposed, giving their name, title, address and a brief summary of their testimony. It is insufficient to list witnesses' addresses, save for clients, "in care of counsel."
>
> List all documents which you believe, at this time, will be exhibits at the trial.
>
> List all experts who you believe, at this time, will testify at the trial, giving their name, address, area of expertise, and a brief summary of the anticipated testimony.

Discovery will be needed on the following subjects: *(Brief description of subjects on which discovery will be needed.)*

— Plaintiff will require discovery for his contentions and in order to establish all contested facts as to liability, injuries, or mechanisms of injury, related expert testimony and to authenticate any contested documents or trial exhibits.

— Defendants will need to conduct discovery regarding Plaintiff's contentions and allegations, claims of damages, including but not limited to, his treating providers, and Plaintiff's history of interactions with law officers, disciplinary issues and legal issues.

Maximum of 25 interrogatories by each party to any other party. (Responses due 30 days after service).

Maximum of 25 requests for admission by each party to any other party. (Responses due 30 days after service).

Maximum of 10 depositions by Plaintiff and 10 by Defendants.

Each deposition (other than of parties) limited to maximum of 4 hours unless extended by agreement of parties.

Reports from retained experts under Rule 26(a)(2) due:

    from Plaintiff by December 15, 2014.

    from Defendants by January 15, 2015

Supplementation under Rule 26(e) due within 45 days of the time that the need to supplement becomes known to the party obliged to supplement and in nor event later than 20 days prior to the date discovery closes.

All discovery commenced in time to be complete by March 16, 2015. The parties have agreed and request the Court to rule that discovery on Experts only, shall be completed by February 15, 2015.

Other Items:

## PRETRIAL MOTIONS

Plaintiff intends to file: a motion for summary judgment regarding the Officer's failure to investigate prior to using force and the excessive force used on the Plaintiff.

Defendants intend to file:   Motion for summary judgment and motion to bifurcate.

## PLAINTIFF'S
### Designations of witnesses who may either testify or be deposed:

Plaintiffs will identify their expert witnesses in a timely manner as set forth in the Provisional Discovery Plan.

1. Eppie Montoya: c/o Leon Howard, P.O. Box 25391, Albuquerque, New Mexico. (505) 225-8778.

    Plaintiff will testify regarding the incident at issue and the damage he suffered and continues to suffer.

2. Defendant Pacheco: c/o Mark Basham, Esq. will testify regarding his knowledge of the seizure and force used upon Plaintiff.

3. Josephine Gurule: c/o Leon Howard, P.O. Box 25391, Albuquerque, New Mexico.  (505) 225-8778.

    Ms. Gurule is Mr. Montoya's girlfriend and may be called to testify regarding her observations and knowledge of the facts contained in Plaintiff's complaint and Plaintiff's damages.

4. To be discovered New Mexico State Police Officers believed to be nearby by the incidents that give rise to this lawsuit.

5. David: David's last name is unknown at this time, but at all times material, David was the manager at the Allsups where the incidents occurred. David's information will be disclosed as discovered.

   David may be called to testify regarding his observations and knowledge of the facts contained in Plaintiff's complaint.

6. Any witnesses identified by any other party.

7. Any witnesses later identified through discovery.

8. Any witnesses needed to lay a foundation for the introduction of exhibits.

9. Any witnesses needed for rebuttal of testimony that cannot reasonably be anticipated.

10. Any witness named or as otherwise relied upon by Defendants. Whether that witness was disclosed or not in response to any discovery requests propounded to Defendants or Plaintiffs, including all rebuttal witnesses.

11. Any witness identified or yet to be identified through discovery in this matter.

## PLAINTIFF'S
### Documents or Exhibits, which may be used at trial

1. Discovery related to the criminal prosecution of Plaintiff.

2. Dispatch logs and recordings related to the incident.

3. Reports to be prepared by expert witnesses identified by Plaintiff.

4. The transcripts of any depositions taken in this case, including any exhibits utilized in those depositions, to the extent not subject to other objections.

5. Demonstrative exhibits to be created and/or utilized during the trial of this cause.

6. Exhibits identified by any other party herein to the extent not subject to other objections.

7. Any other document, material, record, etc. identified during discovery that is relevant to Defendants' affirmative defenses.

8. All police reports, 911 reports or audio of calls, CAD reports.

9. All cameras or recordings.

10. All ambulance and care reports from any of the EMT's or other related personnel involved in the case, including any medical treatment Plaintiff received by any healthcare provider, before and after the event and bills.

11. Any exhibit used in discovery or deposition or identified by any party.

## **DEFENDANTS'**
**Designations of witnesses who may either testify or be deposed:**

Defendants believe the following individuals are likely to have discoverable knowledge of relevant non-privileged information that Defendants may use to support their claims or defenses:

1. Officer Danny Pacheco
   c/o Mark Basham, Esq.
   Basham & Basham, P.C.
   2205 Miguel Chavez Road, Suite A
   Santa Fe, New Mexico 87505
   (505) 988-4575

   Officer Pacheco has knowledge of the events leading to issues at controversy in this lawsuit.

2. Eric Garcia
   Former Espanola Chief of Police
   Santa Fe Police Dept. Headquarters
   2515 Camino Entrada
   Santa Fe, New Mexico 87507
   (505) 955-5010

   Mr. Garcia has knowledge of Officer Danny Pacheo's qualifications to be an Espanola police officer and the training and supervision he received.

3. David Manzanares, Clerk of Allsup's Convenience Store

Allsup's Convenience Store
444 Riverside Drive
Espanola, New Mexico 87532
(505) 753-6948

David has knowledge of the events he observed leading to issues at controversy in this lawsuit.

4. Officer Eric Moya
   New Mexico State Police
   1410 Paseo de Onate
   Espanola, New Mexico 87532
   (505) 753-2277

   These witnesses have knowledge of the events leading to issues at controversy in this lawsuit.

5. To be discovered witnesses to incident inside Allsup's Convenience Store

   These witnesses may have knowledge of the events leading to issues at controversy in this lawsuit.

6. To be discovered witnesses outside of Allsup's Convenience Store

   These witnesses have knowledge of the events leading to issues at controversy in this lawsuit.

7. New Mexico State Police Officers – other than Eric Moya
   1410 N. Paseo de Onate
   Espanola, New Mexico 87532
   (505) 753-2277

   State Police Officers have knowledge of Plaintiff's behavior and events outside the Allsup's Convenience Store that relates to the issues at controversy in this lawsuit.

8. Josephine Gurule
   Address Currently Unknown

   Ms. Gurule is Plaintiff's girlfriend and may have knowledge of the reasons Plaintiff went to the Allsup's on the day of the incident, information related to his behavior that day and why Plaintiff had a dog with him.

9. Eppie Montoya
   c/o Leon Howard, Esq.
   The Law Office of Lucero and Howard, LLC
   P.O. Box 25391

Albuquerque, New Mexico 87125
(505) 225-8778

Eppie Montoya will give his version of events leading to the issues giving rise to this lawsuit.

10. Ambulance personnel responding to the scene – Names to be discovered

    These responders will have knowledge of Plaintiff's condition after being Tasered.

11. Health Care Providers – Names to be discovered
    Presbyterian Espanola Hospital ER
    1010 Spruce Street
    Espanola, New Mexico 87532
    (505) 753-1572

    Treating health care providers at the emergency room where Plaintiff was taken after being Tasered will have knowledge of Plaintiff's condition and any injury he may have suffered.

8. 911 Operator

    Will have knowledge of the 911 call made by Plaintiff at the time of the incident leading to this lawsuit.

9. Any witnesses identified by any other party.

10. Any other witness who has relevant information that is identified during discovery.

12. Any witnesses needed to lay a foundation for the introduction of exhibits.

13. Any witnesses needed for rebuttal of testimony that cannot reasonably be anticipated.

14. Any witness named or as otherwise relied upon by Plaintiff. Whether that witness was disclosed or not in response to any discovery requests propounded to Plaintiffs or Defendants, including all rebuttal witnesses.

List all experts who the parties believe, at this time, will testify at the trial:

Plaintiffs may call the following expert witnesses:

An expert in police practices, including training, use of force techniques, exercise of authority community relations, and policy.

Defendants may call the following expert witness:

1. An expert in police practices, including training, use of force techniques, exercise of authority community relations, and policy.

**DEFENDANTS'**
**Documents or Exhibits which may be used at trial**

1. Incident Report prepared by Officer Danny Pacheco, including supplements and incident narratives

2. Arrest Report related to incident

3. Documents related to the criminal complaint and prosecution of the incident

4. 911 reports or audio of calls

5. CAD reports / Taser cartridge data

6. Supervisory Taser Use Report

7. Taser Cartridge

8. Video tapes related to incident from Allsup's or any other source

9. All camera or other recordings related to incident

10. Ambulance and care reports from EMTs or related personnel involved in case

11. Emergency room or other medical treatment records of Plaintiff related to incident

12. Records of any psychological or other mental health care treatment of Plaintiff prior to and subsequent to the incident

13. Transcripts of any depositions taken in this case, including any exhibits utilized in those depositions, to extent not subject to objection

14. Any exhibit used in discovery or deposition or identified by any party

15. Demonstrative exhibits to be created and/or utilized during the trial of this matter

16. Reports to be prepared by expert witness(es) identified by Defendants

17. Any exhibit used in discovery or identified by any party.

## ESTIMATED TRIAL TIME

The parties estimate trial will require three (3) days for presentation of evidence exclusive of jury selection and deliberations.

See "Exceptions Section" regarding the current state of whether or not this matter will be set for a jury trial.

    ____    This is a non-jury case.

    ____    This is a jury case. (See Plaintiff's Unopposed Motion to File a Jury Demand)

*** Please see Exceptions section.

The parties request a pretrial conference in no later then 30 days before trial.

## SETTLEMENT

The possibility of settlement in this case is considered reasonable. Settlement can be evaluated prior to the completion of discovery and may be enhanced by use of mediation. The parties request a settlement conference in ninety (90) days.

## EXCEPTIONS

(Where counsel cannot agree to any recitation herein, exceptions shall be listed.)

None

    APPROVED WITH EXCEPTIONS
   (note exceptions above)

*/s/ Leon Howard 10/8/2014*_____
Leon Howard and Joachim Marjon For Plaintiff

*/s/ Mark A. Basham 10/8/2014*_____
Mark A. Basham for Defendants

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 8th day of October, 2014, I filed the foregoing *Joint Status Report and Provisional Discovery Plan* which caused all counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

*/s/ Mark A. Basham*
Mark A. Basham